[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14314
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-21828-CV-FAM

OFFICIAL CARGO TRANSPORT COMPANY, INC.,
a Florida corporation,

                                        Plaintiff-Appellant,

CROWLEY LINER SERVICES, INC.,

                                        Intervenor-Plaintiff-
                                        Appellant,

                    versus

UNDERWRITERS AT LLOYD'S OF LONDON,

                                        Defendant-
                                        Intervenor-Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 20, 2005)**

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Official Cargo Transport Company, Inc. ("Official Cargo") and Crowley Liner Services, Inc. ("Crowley") appeal from the district court's final judgment, entered pursuant to a jury verdict, in favor of Underwriters at Lloyd's of London ("Lloyd's"). After thorough review of the record, as well as careful consideration of the parties' briefs, we affirm.

Official Cargo sued Lloyd's for breach of contract, seeking to recover insurance proceeds alleged due under primary and excess insurance policies (Count I), and for a declaratory judgment of coverage under the policies (Count II). After the case was removed from a Florida state court, Crowley, as an intervening plaintiff, filed an intervening complaint against Lloyd's for breach of contract, seeking recovery as an additional named insured (Intervening Count I) and as a third party beneficiary (Intervening Count II). In the complaint and intervening complaint, Official Cargo and Crowley asserted that Lloyd's breached its obligations under the insurance contract by refusing coverage for a theft of apparel that occurred on December 1, 2001. The estimated value of the stolen merchandise was $239,185. The primary policy provided $100,000 of coverage and the excess policy $150,000.

After discovery, the parties filed cross-motions for summary judgment. Lloyd's sought summary judgment as to, <u>inter alia</u>, Crowley's intervening complaint and the limitation of liability for Official Cargo's suit. Official Cargo and Crowley argued they were entitled to summary judgment because Lloyd's failed to effectuate proper delivery of the policies prior to the loss. The district court entered summary judgment on Intervening Count I, in which Crowley sought recovery as an additional insured under the policy.[1] The court denied summary judgment as to Official Cargo's complaint and Intervening Count II (seeking recovery as a third-party beneficiary).

After the close of evidence at the subsequent jury trial, the district court entered judgment as a matter of law, in favor of Lloyd's, on the issue of delivery of the policies. The court found that Lloyd's fully executed its delivery and notification duties under the policy and consistent with Florida law. The district court then submitted the following two issues to the jury: (1) whether the trailer (which was

---

[1]The district court granted summary judgment on Intervening Count I because Crowley was not a named insured under the policy, nor had Lloyd's agreed to add Crowley as an insured at the time of the claim. In support of his claim that he was an additional named insured, Crowley relied on a "certificate of insurance" that was issued by D&D Insurance Agency, which was acting as the broker or intermediary for Official Cargo in its procurement of insurance. The district court held, and we agree, that D&D's "certificate of insurance" did not in any way evidence that Lloyd's had agreed to the addition of Crowley as a named insured. Indeed, the certificate stated that it "does not amend, extend or alter the coverage afforded by the policies." Moreover, to the extent Crowley now asserts arguments based on concepts of agency and apparent authority, that he did not raise below, we have found none of the "exceptional circumstances" in which we may exercise appropriately our discretion to hear issues raised for the first time on appeal, and we do not consider these additional arguments. <u>See</u> <u>Dean Witter Reynolds, Inc. v. Fernandez</u>, 741 F.2d 355, 360-61 (11th Cir. 1984). Accordingly, we affirm the entry of summary judgment in favor of Lloyd's on Intervening Count I.

3

stolen, with the merchandise in it) was under constant surveillance at the time of the theft, as required for coverage; and (2) whether Crowley was a third-party beneficiary.[2] The jury returned a verdict in favor of Lloyd's on both of these issues and the district court entered final judgment in favor of Lloyd's. This appeal followed.

First, Crowley and Official Cargo challenge the district court's denial of their pre-trial motion for summary judgment on the question of delivery of the policies. They also assert the district court erred by granting Lloyd's judgment as a matter of law on the same issue prior to submitting the case to the jury. Lloyd's responds that the district court correctly found that Exhibits 7, 8, 9, 11 and 12, when considered together, satisfied the delivery requirements of Florida surplus-lines law, which allows Florida insureds to obtain surplus-lines coverage that is unavailable from authorized insurers and thus may be procured from unauthorized insurers, subject to certain conditions of Florida law. See Fla. Stat. §§ 626.13 et seq.

We review the denial of a motion for summary judgment de novo. See Sheth v. Webster, 145 F.3d 1231, 1235 (11th Cir. 1998). We likewise review a district

---

[2]Appellants do not challenge the judgment in favor of Lloyd's on Intervening Count II in which Crowley sought recovery as a third-party beneficiary and, thus, we do not consider this issue on appeal.

court's decision on a motion for judgment as a matter of law de novo. See Ross v. Rhodes Furniture, Inc., 146 F.3d 1286. 1289 (11th Cir. 1998).

In Florida, a surplus-lines agent must provide an insured with, among other things, a document that: is countersigned or executed by the agent; contains a description and location of the subject of the insurance; describes the conditions and terms of coverage; states the premium and rate charged, as well as taxes collected from the insured; and contains the name and address of the insured and insurer. See Fla. Stat. § 626.922(1). Based on our review of the parties' arguments, the district court did not err by relying on the foregoing exhibits to show compliance with § 626.922(1), insofar as what was required of Lloyd's, as an surplus-lines insurer. We affirm the entry of judgment as a matter of law on this issue.[3]

We likewise are unpersuaded by Official Cargo's last argument, that the district court erred by preventing Official Cargo from allowing Norberto Fernandez, an agent at All Risk Insurance Agency, to opine on whether there was a statutory 60-day requirement for delivery of policies to insureds in Florida. The district court did not allow the testimony because Fernandez was a "fact witness" who was not qualified to give opinion testimony on the requirements of Florida law. In overruling Official

---

[3] In reaching this conclusion, we observe that, irrespective of the delivery issues raised in this appeal, Official Cargo has not appealed the jury's finding, on the special verdict form, that the stolen trailer was not under constant supervision, as required by the policy for coverage.

Cargo's objection, the district court informed counsel that the court would instruct the jury on the law at the close of the trial.

As Lloyd's highlights in its brief, it is not disputed that, despite the district court's ruling, later during the trial, plaintiffs' counsel elicited testimony about the 60-day requirement from another fact witness. Thus, the error, if any, was harmless because the jury heard about the 60-day statutory period. Moreover, because the only question submitted to the jury concerned the existence of "constant supervision," within the meaning of the Policy, the testimony about delivery (an issue the district court decided as an matter of law) was irrelevant. In any event, we can find no abuse of discretion in the district court's evidentiary ruling. Cf. United States v. Frazier, 387 F.3d 1244, 1258 (11th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 2516 (2005). (reviewing district court's evidentiary rulings for abuse of discretion).

Finally, Lloyd's has moved for appellate attorneys' fees and costs, based on Florida's offer-of- judgment statute, Fla. Stat. § 768.79. We construe the motion as one for appellate attorneys' fees and non-taxable costs and REMAND to the district court for a determination of entitlement and the reasonable amount of fees, if any, to be awarded under § 768.79.

**AFFIRMED; REMANDED WITH INSTRUCTIONS.**